**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ALVIN STEVEN BROWN,       ) | | |
|    ID # 1584848,            ) | | |
|       Plaintiff,                ) | | |
| vs.                                        ) | No. 3:11-CV-1970-B-BH | |
|                                    ) | | |
| JOHNSON & JOHNSON, et al., ) | | |
|       Defendants.            ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, Plaintiff's claims against Johnson & Johnson should be dismissed as frivolous, and his claims against the remaining defendants should be dismissed as time-barred.

**I. BACKGROUND**

On August 2, 2011, Plaintiff filed this suit under 42 U.S.C. § 1983 against Johnson & Johnson, Dallas Metro Care, and one of its psychiatrists for alleged denial of adequate medical care. (Compl. at 3-4 (doc. 2)). On September 8, 2011, he amended his complaint to name the psychiatrist, Dr. Marvin Cotten, and to add a deputy at the jail named Mr. Marshall as a defendant. (1st Magistrate Judge's Questionnaire (MJQ), Ans. 1 (doc. 11)).[1] Plaintiff claims that Dr. Cotten prescribed him the drug Risperdal for a schizoaffective disorder while he was a pretrial detainee at the Dallas County jail from August 18, 2007 through August 6, 2009, and that this drug caused a mild stroke, skin tags, enlarged breasts, diabetes, and skin pigmentation. He also alleges that Johnson & Johnson was at fault for manufacturing this drug, that Dr. Cotten and Dallas Metro Care

---

[1] Plaintiff's answers to the questions in the MJQ constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

were at fault for prescribing this medication without taking necessary precautions to prevent adverse side effects, and that Metro Care was at fault for not properly treating the side effects. (Compl. at 3-4 (doc. 2); 1st MJQ Ans. 3-4, 6, 8 (doc. 11)). He also claims that Mr. Marshall forced him to take the Risperdal after Dr. Cotten stopped prescribing it, that Dr. Cotten failed to ensure that the drug was no longer given, and that Mr. Marshall also denied him proper grievance procedures. (1st MJQ Ans. 7 (doc. 11); 2nd MJQ Ans. 3, 4 (doc. 13)). Plaintiff seeks monetary damages. (1st MJQ Ans. 10 (doc. 11)).

## II. PRELIMINARY SCREENING

Plaintiff is a state prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

2

## III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Here, Plaintiff primarily complains that he was denied adequate medical care. He has alleged a claim under the Fourteenth Amendment of the Constitution, which requires humane conditions of confinement for pretrial detainees, including adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[2]

**A.      State Action**

Plaintiff sues Johnson & Johnson, the private company that manufactures Risperdal. To state a viable claim for relief under § 1983, Plaintiff must allege that Johnson & Johnson deprived him of his rights while acting under color of state law. *See American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999), *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful.

---

[2]   A pretrial detainee's constitutional rights related to conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Since basic human needs such as medical care are the same for pretrial detainees and convicted inmates, however, the standards are the same under both amendments. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

3

*Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).  Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Both the Supreme Court and the Fifth Circuit have recognized three tests for determining whether a private party is acting under color of state law: the public function test, the state compulsion test, and the joint action or nexus test. *Lugar v. Edmondson Oil Co.* 457 U.S. at 939; *Bass v. Parkwood Hospital*, 180 F.3d 234, 241-42 (5th Cir. 1999).  Under the public function test, a private entity may be considered a state actor if it performs a function that is traditionally "the exclusive province of the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 2009), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc). Under the state compulsion test, a State will be held responsible for a private decision only whether it has exercised coercive power or provided such encouragement such that the choice is deemed to be a choice of the state. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).  Finally, "[u]nder the nexus or joint action test, state action may be found where the government has 'so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise.'" *Bass*, 180 F.3d at 242, *citing Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58 (1974).

Here, Plaintiff has not alleged facts to support a claim that Johnson & Johnson was acting under state law, and he acknowledges that it is not a state actor. (1st MJQ Ans. 3).  His claims against Johnson & Johnson should therefore be dismissed for failure to state a viable claim under § 1983.  *See Plummer v. Valdez*, 2006 WL 2713784, slip op. at *2 (N.D. Tex. Sept. 21, 2006) (the private company that provides products for sale to county jail inmates in not a state actor).

4

**B.    Statute of Limitations**

Plaintiff placed his complaint in the prison mail on August 2, 2011, and he complains of events that occurred prior to August 2, 2009.[3]

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action", or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1)

---

[3] Under the prison mailbox rule, an action under 42 U.S.C. § 1983 is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995).

5

> The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414. In some cases, an injured person may not realize that a tort has been committed because of a latent injury that either is not, or cannot, be discovered until later. The cause of action does not accrue until the plaintiff discovers, or should have discovered, both the injury and its cause. *Albertson v. T.J. Stevenson*, 749 F.2d 223, 228-29 (5th Cir. 1984).

### 1. *Metro Care and Cotten*[4]

Plaintiff sues Dr. Cotten for prescribing him Risperdal without taking necessary precautions against adverse effects, including ordering necessary lab work before prescribing the drug, and without properly advising him of the potential side effects. (1st MJQ Ans. 6 (doc. 11)). Dr. Cotten allegedly discontinued the Risperdal after Plaintiff informed him about the adverse effects he was experiencing and showed him his enlarged breasts on March 26, 2009, and Dr. Cotten acknowledged that "Risperdal would be the culprit". (1st MJQ Ans. 6 (doc. 11)). Dr. Cotten also allegedly failed to ensure that Plaintiff was no longer given Risperdal after that date. (2nd MJQ Ans. 3 (doc. 13)). Plaintiff sues Metro Care for employing Dr. Cotten and for failing to refer him to other agencies and offices to alleviate or remedy the adverse effects he experienced. (1st MJQ Ans. 4, 5 (doc. 11)).

Plaintiff's claims against Dr. Cotten for prescribing Risperdal and his claim against Metro Care as his employer accrued when Dr. Cotten told him that Risperdal was the cause of the adverse

---

[4] Dr. Cotten and Metro Care are considered state actors for purposes of § 1983 because they provided medical care to a state prisoner. *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) (holding that a physician under contract with the state to provide medical services to inmates of a state prison acted under color of state law under § 1983).

6

effects and stopped prescribing it, on March 26, 2009. *See Albertson*, 749 F.2d at 228-29. His claims against Metro Care over the care he received for the side effects accrued no later than June 25, 2009, the last date he claims he was advised of the existence of a potential side effect of the drug he had taken. *See Wallace v. Cato*, 549 U.S. at 391 (holding that a § 1983 claim accrues and the statute of limitations begins to run when the wrongful act results in damages, not at some later date when a plaintiff becomes satisfied that he has been harmed enough). Plaintiff did not file suit until August 2, 2011, more than two years later. (Compl. at 5).

Plaintiff's claims against Dr. Cotten for not ensuring that the Risperdol was stopped accrued no later than August 6, 2009, when he was transferred out to TDCJ. Plaintiff did not actually file suit against Dr. Cotten until September 8, 2011, when he first named him as a defendant. Fed. R. Civ. P. 15(c)(1)(C) provides that an amendment changing the name of a party may relate back to the date of the original complaint for limitations purposes when there has been a mistake in identifying a defendant. The Fifth Circuit has made clear, however, that an amendment to substitute a named party for a John Doe or unknown defendant does not relate back under Rule 15(c) because a John Doe designation is the result of lack of knowledge rather than a mistake. *Jacobsen v. Osborne*, 133 F.3d 315, 320-22 (5th Cir. 1998)*; see also Whitt v. Stephens County*, 529 F.3d 278, 282-83 (5th Cir. 2008) (post-limitations attempt to amend complaint to substitute named defendants for John Does was futile because claims did not relate back and therefore were time-barred).

Plaintiff's claims against Dr. Cotten and Metrocare are time-barred in the absence of equitable tolling.[5]

---

[5] Any claims against Metro Care based solely on its employment of Dr. Cotten would also not be viable under § 1983 because private corporations cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Olivas v. Correctional Corporation of America*, 215 Fed. App'x 332, *1 (5th Cir. Jan. 30, 2007), *citing Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). In order to prevail

7

## 2. *Sheriff's Deputy*

Plaintiff also alleges that Mr. Marshall forced him to continue taking Risperdal after Dr. Cotten discontinued it until his transfer to the TDCJ on August 6, 2009, by threatening him with bodily harm. (1st MJQ Ans. 6, 7 (doc. 11)). Plaintiff also alleges that Mr. Marshall denied him proper grievance procedures. (2nd MJQ Ans. 4 (doc. 13)). Plaintiff's claim accrued on the first date he was forced to take a medication that was no longer prescribed for him. *See Wallace v. Cato*, 549 U.S. at 391. Plaintiff's claim regarding the grievance procedure accrued no later than August 6, 2009, when he was transferred to TDCJ. Plaintiff did not sue Mr. Marshall until September 8, 2011, when he filed his answers to the first MJQ, which was more than two years after August 6, 2009, the last date he was confined at the Dallas County jail and the last date he admittedly took Risperdal.

Rule 15(c) does permit the relation back of an amendment naming a new party to an original complaint under two circumstances. First, an amendment can relate back if the law providing the statute permits it. *See* FED. R. CIV. P. 15(c)(1). However, Texas law does not permit relation back of an amendment when a plaintiff attempts to add a new party after the expiration of the statute of limitations. *Clark v. Hawkins*, 41 F.3d 664 (5th Cir. 1994), *citing Kirkpatrick v. Harris*, 716 S.W.2d 124, 125 (Tex.App.–Dallas 1986, no writ). Second, an amendment that names a new party may relate back if the new claim arose from the same transaction, the new party had proper notice of the claim against him, and the new party knew or should have known that except for a mistake concerning identity, he would have been named originally. FED. R. CIV. P. 15(c)(3). Here, the failure to name Mr. Marshall as a defendant in the original complaint was not due to a mistake in

---

against Metro Care as Cotten's employer, Plaintiff must show that the alleged unconstitutional action that caused his alleged injury was committed pursuant to an official policy or persistent practice. *Monell*, 436 U.S. at 691–95. Plaintiff has alleged neither an official policy or practice.

identity. Plaintiff named only Johnson & Johnson, Metro Care, and an unnamed psychiatrist as defendants, and he did not allege any facts to support a claim of forceful medication or improper grievance procedures. Accordingly, Plaintiff's amendment does not relate back, and his claims against Mr. Marshall are also time-barred in the absence of equitable tolling.

**C.    Tolling**

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

Plaintiff asserts that his claims should be equitably tolled because Dr. Cotten was responsible for prescribing him Risperdal, and as a result, Plaintiff took this medication for two years. (2nd MJQ Ans. 3). He did not sue Dr. Cotten as an unknown defendant until August 2, 2011, and did not sue him by name until September 8, 2011. Courts have found no entitlement to equitable tolling where a plaintiff waited until the very end of the limitations period to file suit against unknown defendants, leaving insufficient time for discovery of their identities. *See Spencer v. Doe*, 2011 WL 3444336,

9


identity. Plaintiff named only Johnson & Johnson, Metro Care, and an unnamed psychiatrist as defendants, and he did not allege any facts to support a claim of forceful medication or improper grievance procedures. Accordingly, Plaintiff's amendment does not relate back, and his claims against Mr. Marshall are also time-barred in the absence of equitable tolling.

**C.    Tolling**

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

Plaintiff asserts that his claims should be equitably tolled because Dr. Cotten was responsible for prescribing him Risperdal, and as a result, Plaintiff took this medication for two years. (2nd MJQ Ans. 3). He did not sue Dr. Cotten as an unknown defendant until August 2, 2011, and did not sue him by name until September 8, 2011. Courts have found no entitlement to equitable tolling where a plaintiff waited until the very end of the limitations period to file suit against unknown defendants, leaving insufficient time for discovery of their identities. *See Spencer v. Doe*, 2011 WL 3444336,

9

*3 (N.D. Tex. Aug. 4, 2011) (no equitable tolling where plaintiff waited until two weeks before limitations period elapsed before filing suit against Doe defendants despite the fact he was in lock down and/or did not have access to a law library for a period of time); *Perez v. Doe*, 3:10-CV-2390-K (N.D. Tex. June 29, 2011) (no equitable tolling were plaintiff had a DVD of alleged assault for a year and a half but waited until one day before limitations ran to file suit against Doe defendants); *Gaia v. Smith*, 2011 WL 96578, *4 (S.D. Tex. Jan. 11, 2011) (no equitable tolling because the plaintiff did not allow enough time for discovery to be conducted of unknown defendants' identities where suit was filed only two months before limitations ran and were added to the suit after the limitations had expired); *Nazerzadeh v. Harris County*, 2010 WL 3817149, *36 (S.D. Tex. Sept. 27, 2010) (no equitable tolling as to "John Doe" officers where suit was filed on last day of the limitations period, too late to permit discovery into their identities before limitations ran).

Plaintiff not only did not allow sufficient time for discovery of Cotten's identity, but he waited until over two years had passed after he knew of the adverse effects of the drug he was prescribed before he filed suit against any of the defendants. He has not explained why he could not have filed suit earlier. He has not shown that he has diligently pursued his claims against the defendants such that equitable tolling is warranted. Plaintiff's claims against Dr. Cotten, Metro Care, and Mr. Marshall should therefore be dismissed as time-barred.

## VI. RECOMMENDATION

Plaintiff's claims against Johnson & Johnson should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). His complaints against the remaining defendants should be dismissed as frivolous pursuant to §§ 1915(e)(2)(B) and 1915A(b) based on his failure to file suit within the statutory period of limitations. This dismissal will count

10

as a "strike" or "prior occasion" within the meaning 28 U.S.C.§ 1915(g).[6]

**SIGNED this 19th day of April, 2012.**

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

---

[6] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.